PLEFKA, Appellant, v. THE KNAPP-STOUT & CO. COMPANY.

### Division One, December 17, 1901.

1. **Negligence:** PLEA OF CONTRIBUTORY NEGLIGENCE: NO REPLY: JUDG-MENT ON PLEADINGS. Where there is a well-pleaded defense of con-tributory negligence to plaintiff's cause of action charging his per-sonal injuries to the negligence of his defendant employer, a failure on plaintiff's part to plead further makes it obligatory on the court to give judgment for the defendant on the pleadings.

2. **Plea of former Adjudication:** MOTION TO STRIKE OUT: EXCEP-TIONS. Exceptions to the court's ruling declining to strike out de-fendant's plea of *res adjudicata* must be saved at the term at which the motion is overruled.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz*, Judge.

AFFIRMED.

*Sturdevant & Sturdevant* for appellant.

The reversal of a judgment in favor of a plaintiff, with-out remanding, amounts to a nonsuit only, restoring the parties to their statu quo ante-bellum; and the plaintiff is thereafter at liberty to bring his action anew within such time as may be prescribed by the statute of limitations. R. S. 1899, sec. 4285; Lumber Co. v. Lumber Co., 72 Mo. App. 257; Fries v. Railroad, 98 Pa. St. 142; Biscoe v. Madden, 17 Ark. 544; Benings v. Medart, 56 Mo. App. 450; Crispen v. Hannovan, 86 Mo. 168; Briant v. Fudge, 63 Mo. 489; Atkinson v. Dixon, 96 Mo. 587; Zurfluh v. Railroad, 46 Mo. App. 637;

Houts v. Shepherd, 79 Mo. 141; State v. O'Gorman, 75 Mo. 378; Napier v. Foster, 80 Ala. 379; Young v. Davis, 30 Ala. 213; Artz v. Railroad, 38 Iowa 293; Parker v. Harris, 1 Salk. (Eng.) 263; Clements v. Walker, 4 Burr. 2156; Stearn v. Aquerre, 7 Cal. 448; Phelan v. San Fr., 9 Cal. 16; Laith v. McDonald, 7 Kan. 267; Freeman on Jud. (3 Ed.), secs. 333-481 and 484; 2 Black on Jud., secs. 511 and 683; Railroad v. Pillow, 9 Heiskell (Tenn.) 248; Woods v. Houghton, 67 Mass. 580; Caffin v. Cattle, 16 Pick. 386; Titus v. Poole, 145 N. Y. 414; Worsten v. Railroad, 6 Duly (N. Y.), 528, 71 N. Y. 471; Argenti v. City, 30 Cal. 459; Merrell v. Montello, 66 Fed. 165; Elliott's App. Prac., 580; Herman on Estoppel and Res Ad., sec. 105, and cases cited; Bacon's Ab., 396; Stat. 21, James 1, C. 16, sec. 4; Carroll v. Alabama, 60 Fed. 549; Railroad v. Orr, 52 Miss. 541; Hill v. Huckaber, 70 Ala. 183.

*Percy Werner* for respondent; *W. Palmer Clarkson* of counsel.

(1) Where the appeal is not taken at the term at which final judgment is rendered, it will be stricken from the docket. R. S. 1899, sec. 808; Childs v. Railroad, 117 Mo. 414; State v. Rhodes, 86 Mo. 635. (2) The filing of an unnecessary, and, therefore, wholly nugatory motion for new trial, does not operate to suspend the judgment until the disposition of such motion. Johnson v. Greve, 60 Mo. App. 170; Sternberg v. Levy, 60 S. W. 114; Slagel v. Murdock, 65 Mo. 522; Johnson v. Latta, 84 Mo. 139. (3) Defendant was entitled to judgment on those parts of its answer to which no exception was taken or demurrer or reply was filed. R. S. 1899, sec. 608; Cordner v. Roberts, 58 Mo. App. 440. (4) The judgment of the Supreme Court in the prior cause was rendered at the April term, 1898, was intended as a finality. 2 McQuillan's Plead. and Prac., sec. 2060; Kinealy v. Macklin,

67 Mo. 98; Carroll v. Railroad, 107 Mo. 664; Musser v. Harwood, 23 Mo. App. 498; McFarland v. Railroad, 125 Mo. 281; Thompson v. Cohen, 127 Mo. 241; Scarritt v. Railroad, 127 Mo. 304; State v. Rector, 126 Mo. 343; Berry v. Railroad, 124 Mo. 294; Hite v. Railroad, 130 Mo. 141; Plefka v. Knapp, Stout & Co., 145 Mo. 321. (5) This court has possessed the power to reverse and give such judgment as the circuit court ought to have given, ever since the first practice act was adopted in this State. Terr. Laws, p. 855, chap. 363, sec. 58; R. S. 1825, p. 635, sec. 50; R. S. 1835, p. 522, sec. 32; R. S. 1845, p. 906, sec. 33; R. S. 1855, p. 1301, sec. 35; Laws 1871, p. 49, sec. 34; R. S. 1879, sec. 3776; R. S. 1889, sec. 2304; R. S. 1899, sec. 866. (6) The same words understood, construed and acted upon, through all these revisions, without legislative change, indicate that common opinion of the Legislature, judiciary and bar which, on a question of first impression, this court has recognized as cogent evidence of what the law is. Venable v. Railroad, 112 Mo. 125; Sanders v. Railroad, 97 Mo. 30; Black on Interpretation of Laws, p. 220. (7) The statute relied on (sec. 4285, R. S. 1899), has no application to this case. It is intended to save an action otherwise barred. It is not called into active force till the period of limitation has run. Tate v. Jacobs, 47 Mo. App. 221; Karnes v. Ins. Co., 144 Mo. 419; Long v. Long, 141 Mo. 353. (8) And where it applies it gives no new right, neither limiting the effect of a reversal, nor extending the rule as to *res adjudicata*. It never saves the statute of limitations where the reversal was had upon the merits, but only where had on some defect or informality which can be remedied or avoided by a new process. Coffin v. Cottle, 16 Pick. 386; Cummings v. Jacobs, 136 Mass. 421; Premo v. Lee, 56 Vt. 60; Napier v. Foster, 80 Ala. 379; Woods v. Houghton, 1 Gray 583. (9) This statute having been taken from the Massachusetts statutes, the adoption took

with it construction.   R. S. 1845, pp. 718-719 (See marginal note) ; R. S. Mass. 1836, p. 700, sec. 11; Coffin v. Cottle, supra.

VALLIANT, J.—This is a suit to recover damages for personal injuries alleged to have been received by the plaintiff while in the service of defendant, occasioned by a defective machine furnished by the master.   The answer of defendant, besides denying the allegations of the petition, contained two affirmative defenses, one a plea of contributory negligence, the other a plea of previous adjudication.

The statements in the plea of contributory negligence showed that the accident complained of by the plaintiff was brought about by the negligent manner in which he handled the machine and that the condition of the machine in the respect complained of was known to defendant at the time of his using it.

The statements in the plea of previous adjudication were to the effect that two years prior to the institution of this suit the plaintiff had brought suit in the same court against the defendant on the same cause of action, in which issues were joined, a trial had, and a judgment for $2,500 in favor of plaintiff was rendered, which, on appeal to the St. Louis Court of Appeals, was by that court certified to the Supreme Court, where the judgment of the circuit court was reversed and the mandate and opinion of the Supreme Court in due course were transmitted to the circuit court.   Plaintiff filed a motion to strike out this last plea.   That motion was overruled by the court at the October term, 1898, and no exception was preserved at that term.   At the next, the December term the plaintiff declined to plead further, and on motion of defendant the court rendered judgment in its favor on the pleadings.   Within four days thereafter plaintiff filed a motion for a new trial based on the alleged error of the court in over-

ruling the motion to strike out. No action was taken on that motion until the next, the February term, when it was overruled, to which the plaintiff then excepted, and filed his bill of exceptions and the cause is brought here by appeal on that record.

The only point that plaintiff seeks to make in his brief is that when this court merely reverses a judgment of a trial court, under the conditions above mentioned, without remanding the cause, the effect is only to annul the judgment of the circuit court 'leaving the cause at issue for trial. That was the sole point in the motion to strike out, and is founded on a decision of our Kansas City Court of Appeals in Lumber Co. v. Lumber Co., 72 Mo. App. 257.

That point, however, can not arise out of the record before us. In the first place, whilst we have above spoken of the motion and its purport, yet we get the information concerning it only from the appellant's statement, for there was no bill of exceptions filed during the term in which the motion was overruled nor within a period granted at that term for that purpose. The so-called motion for a new trial did not have the effect to carry the case beyond the term. There had been no trial, and, hence, nothing to re-try. There was no place in the record for a motion for a new trial, hence, it did not affect the judgment, or carry the case over the term. [Sternberg v. Levy, 159 Mo. 617; Slagel v. Murdock, 65 Mo. 522; Johnson v. Latta, 84 Mo. 139.] The plaintiff had declined to join issue on the defendant's affirmative pleas, and the judgment followed of course. Even if the plaintiff's motion at the December term had been for a rehearing of his motion to strike out, we do not say that that would have carried the case over to the next term or have extended the time for filing his bill of exceptions.

But, if exception to the overruling of the motion to strike out had been properly preserved, still, the point sought to be

raised in the brief of appellant could not be reached in this case, because the judgment of the circuit court must be affirmed on another ground irrespective of that point. There was a well-pleaded contributory negligence of the plaintiff, to which he not only omitted, but expressly declined, to reply.

The court, under those circumstances, was bound to give judgment for the defendant, even if there had been no plea of previous adjudication in the case.

If the motion to strike out had been sustained, the defendant could have preserved his exception by a bill and have stood on what was left of his answer without filing an amended answer. [Munford v. Keet, 154 Mo. 36; Lenox v. Vandalia Coal Co., 158 Mo. 473.]

And so the plaintiff, if he had seen fit, could have saved his exception to the overruling of his motion and have replied to the plea of contributory negligence and gone on to trial. But by declining to reply he confessed the contributory negligence, and that rendered the other pleas of defendant unnecessary, and it became immaterial what disposal was made of them.

The judgment of the circuit court is affirmed. All concur.