MITCHELL, Respondent, v. BRANHAM, Appellant.

St. Louis Court of Appeals, May 22, 1906.

1. CONTRACTS: Pleading: Illegality of Contract. Illegality of a contract sued on is an affirmative defense and must be specially pleaded in the answer to be available.

2. DAMAGES: Sales: Agreement by Seller to Refrain from Business. Where a saloon keeper sold out his stock and good will and as a part of the consideration agreed not to go into business again for a definite term, but violated the agreement by opening another saloon, the purchaser, in an action for damages could recover damages incurred while he was doing business lawfully, but not damages incurred while he was doing a business unlawfully without a license.

3. PRACTICE: Misleading Jury: Measure of Damages. In such action the admission of evidence which misled the jury as to the measure of damages was error warranting reversal unless the plaintiff should remit enough to reduce the judgment to an amount which the competent evidence showed plaintiff was damaged.

Appeal from Madison Circuit Court.—*Hon. Chas. A. Killian,* Judge.

REVERSED AND REMANDED *nisi.*

*Robert Rutledge* and *W. S. Anthony* for appellant.

(1) The petition discloses the illegal and immoral nature of the contract, and that such contract, even though it had been made, was void and the petition did not state a cause of action, and defendant's objection should have been sustained. Turley v. Edwards, 18 Mo. App. 676; Austin v. State, 10 Mo. 591; Peltz v. Long,

40 Mo. 533; Sumner v. Sumner, 54 Mo. 340. (2) The verdict is excessive and is not based on the testimony in the case. The verdict is not supported by the testimony. Where the amount of damages can not be estimated with approximate correctness, there being no sufficient data from which a witness could make an estimate, plaintiff it not entitled to recover more than nominal damages. In this condition of the evidence the plaintiff, if he could recover at all, could not be entitled to more than nominal damages. Sheedy v. Union Press Brick Works, 25 Mo. App. 527; Railroad v. Graham, 55 Ark. 294; Cravens v. Hunter, 87 Mo. App. 456.

*J. V. Conran, L. L. Collins* and *Anthony & Williams* for respondent.

(1) The rule against the recovery of uncertain damages has been generally directed against uncertainty as to cause rather than uncertainty as to measure or extent. In many actions the damages are wholly uncertain in extent and in such cases the amount is ordinarily left to the jury. 8 Am. and Eng. Ency. of Law (2 Ed.), pp. 614, 615 and 621, and notes; Gildersleeve v. Overstolz, 90 Mo. App. 518; Stewart v. Patton, 65 Mo. App. 21; Brandt v. Schuchman, 60 Mo. App. 70; Goldman v. Wolf, 6 Mo. App. 490. (2) Past sales or profits are competent to show loss compared with future sales. Profits made by appellant are competent. Lewis v. Ins. Co., 61 Mo. 535; 8 Am. and Eng. Ency. of Law (2 Ed.), pp. 626-628; Peltz v. Eichele, 62 Mo. 171.

BLAND, P. J.—The petition alleges, in substance, that in September, 1901, defendant owned a house and lot, in the town of Portageville, New Madrid county, Missouri, also a saloon with bar fixtures and a stock of liquors; that in consideration of the sum of $2,305.75 to him paid by plaintiff, on September 18, 1901, defendant

conveyed all of said property to the plaintiff, and also agreed to give plaintiff his good will and, as a further consideration for the said sum of $2,305.75, agreed to enter into a written contract that he would not engage in the saloon business in said town of Portageville for a period of three years from September 17, 1901.   That defendant, wholly disregarding his said promise and agreement, failed and refused to give the plaintiff his good will and refused to enter into a written agreement not to engage in the saloon business in Portageville for a period of three years, but in violation of his contract withdrew his good will from plaintiff and opened and conducted a saloon for a period of six months, across the street from and opposite the saloon which he had sold to plaintiff, to the plaintiff's damage in the sum of five thousand dollars.

The answer was a general denial.

The case was here on a former appeal, when it was reversed and remanded (104 Mo. App. 480).   After the cause was remanded for retrial, the venue was changed to Madison county, where on a second trial a verdict was returned for plaintiff for one thousand dollars.

Plaintiff's evidence tends to show that the real and personal property purchased by him from the defendant was worth from eight hundred to one thousand dollars less than the purchase price of $2,305.75; and that the good will of the defendant and his agreement not to engage in the saloon business in the town of Portageville was a part of the consideration for the purchase. The evidence tends to show that after the purchase, plaintiff conducted the saloon and retained the trade defendant had prior to the sale for about ten days or two weeks and until the defendant opened a rival saloon across the street from plaintiff and induced his former customers and friends to patronize his soloon. Defendant continued in the saloon business for six months, causing,

according to the evidence, a falling off in plaintiff's trade and a loss of profits.

Bedford Brewer, who had been defendant's bartender, was retained by plaintiff in the same position, and testified regarding the terms of the trade, corroborating plaintiff's evidence in respect thereto. He also testified that the invoice of the stock of liquors was unfair, resulting in an overvaluation; that plaintiff's business fell off about fifty dollars per week after defendant started his saloon, and the profits of the business were about fifty per cent of the amount of sales.

Defendant's dramshop license had two months to run at the time he sold out to plaintiff. Both plaintiff and his bartender (Brewer) testified that the cost of a dramshop license for two months was a part of the consideration of the purchase and sale. Plaintiff testified that defendant informed him he could sell under the license and he did so until its expiration.

1. On this evidence defendant insists that the contract was vitiated and furnishes no foundation for the recovery of damages. Illegality of a contract sued on is an affirmative defense, unavailable unless specially pleaded in the answer. It was not pleaded in defendant's answer and for this reason cannot be invoked as a defense. [Gibson & Bro. v. Jenkins, 97 Mo. App. 27, 70 S. W. 1076; McClure v. Ullman, 102 Mo. App. 697, 77 S. W. 325.]

2. When the case was here before, we held that the plaintiff was not entitled to recover any damages for the two months he run his saloon illegally under defendant's license. There was then but four months of time in which the defendant run his saloon in opposition to plaintiff, in violation of his contract, for which plaintiff is entitled to recover any damages. Brewer, the bartender, testified that as a rival in business, defendant decreased the plaintiff's sales about fifty dollars per week.

At this rate plaintiff's sales for the four months were eight hundred dollars less than they would have been had not defendant breached his contract by setting up a rival saloon. One-half of this amount, or four hundred dollars, according to Brewer's testimony, would have been profit, but the jury awarded plaintiff one thousand dollars. There is no other evidence except Brewer's in regard to the damages sustained by plaintiff. No other witness was in a position to give, even approximately, the falling off in the patronage of plaintiff's saloon. He showed that he was friendly to plaintiff, and it is not to be inferred that he underestimated plaintiff's loss. It seems to us that on account of the admission of the evidence in respect to the real value of the property plaintiff purchased of defendant, and the price paid therefor, the jury were misled as to the basis upon which to estimate the damages and made their award on the difference between what plaintiff paid for the property and its actual value instead of estimating the damages caused by the breach of defendant's contract to stay out of the saloon business. According to the most liberal estimate warranted by the evidence, plaintiff's loss of profits did not exceed four hundred dollars. Defendant's good will (his patronage of the plaintiff's saloon) could not have exceeded over one hundred or one hundred and fifty dollars for the four months, and we are convinced that the verdict is excessive. It seems to us that five hundred and fifty dollars would fully compensate the plaintiff for the damages caused by the breach of the contract. It is therefore considered that unless within ten days from the date of the filing of this opinion the defendant remit four hundred and fifty dollars of his judgment, the judgment will be reversed and the cause remanded; if the remittitur be timely filed, the judgment will be affirmed. All concur.