# ELLEN G. SPAULDING, Respondent, v. THE CITY OF EDINA, Appellant.

### Kansas City Court of Appeals, November 5, 1906.

1. **MUNICIPAL CORPORATIONS: Defective Sidewalks: Pleading: Locus in Quo.** A petition laid the *locus in quo* "immediately north of the gate that opens on to the street from the residence of L." The evidence showed the walk was sound for a distance of three feet north of said gate. *Held*, there was no variance and where a statement is sufficiently definite to inform the opposite party what is relied on, the pleading is to be upheld.

2. **EVIDENCE: Expert Witness: Office of Court.** It is the office of the court to determine whether a witness is an expert and not the witness himself.

3. ————: **Expert Testimony: Cause of Injury: Appellate Practice.** It is error to ask a physician to which of two causes he attributes the plaintiff's injury since that is the question the jury is to decide; but such error may be waived by failure to call the trial court's attention to it in the motion for new trial.

4. ————: **Defective Sidewalk: Opinion of Witness.** It is error to ask witnesses whether the sidewalk complained of in an action for personal injury "was in good condition" or "was a good sidewalk," since it is the duty and sole province of the jury to decide that very question.

5. ————: ————: **Ordinance: Inspection of Street Commissioner.** An objection to the reading of the ordinance in regard to the duties of the street commissioner because some of the ordinance did not relate to his duty in regard to sidewalks is held insufficient since the whole ordinance was necessary for the jury to form a proper conception of his duties; and again such objections are too indefinite.

6. **MUNICIPAL CORPORATIONS: Defective Sidewalks: Pleading: Notice: Verdict.** A petition alleged that the condition of the sidewalk was known to the defendant or by the exercise of ordinary care might have been known. *Held*, it was a charge of notice, either actual or constructive, and the rule in regard to pleading in the alternative does not apply and if no objection was made or exception taken the petition supports the verdict.

7. **APPELLATE PRACTICE: Immaterial Matters.** It is not the duty of the appellate court to notice points in an argument which do not properly belong to the case or are of such a character as to throw no light on its merits.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*F. H. McCullough* and *O. D. Jones* for appellant.

Filed argument.

*L. F. Cottey, C. R. Fowler* and *Campbell & Ellison* for respondent.

Filed argument.

BROADDUS, P. J.—This cause was originally pending in the circuit court of Knox county where on trial the plaintiff recovered a verdict which the court set aside on defendant's motion. The plaintiff appealed from the action of the court in setting aside the verdict in her favor to the St. Louis Court of Appeals. The case is reported in the 104 Mo. App. 45. As the decision on the said appeal does not affect any question now before us, no reference is necessary to what was there decided. After the case was remanded, the venue was changed to Adair county, another trial had and the plaintiff again obtained a judgment from which defendant appealed to this court.

It is alleged in plaintiff's petition that at night on or about the 11th day of October, 1900, in consequence of a defective sidewalk negligently maintained by defendant on one of its principal streets, she was while walking over it thrown down and severely injured. She alleges that while passing over said sidewalk on the east side of Main street in the defendant city, at a point immediately north of the gate which opens onto said sidewalk from the residence of P. A. Lycan, her husband stepped on the end of a loose board in the sidewalk which caused it to fly up and she, while in the act of stepping, caught her foot under the board and was

thus thrown down. The petition alleges that the sidewalk in question was originally constructed of stringers running north and south with planks about four feet long nailed crosswise over the stringers and which projected on each side about four inches over them; that at the date in question and for a long time prior thereto the stringers mentioned had become decayed and rotten so that they would not hold the nails by which the planks were attached; that in consequence of this condition many of the planks in the walk were loose, some misplaced, and the general condition of the walk was dangerous and unsafe for travel; and that its condition and defects were known to the defendant, or by the exercise of ordinary care and diligence, might have been known to the defendant in time to have had the same repaired before the alleged injury to plaintiff.

The defendant answered with a general denial and alleged contributory negligence upon the part of the plaintiff.

The evidence upon the part of plaintiff tended to support all the allegations of her petition. The defendant's evidence was to the effect that the walk was in a reasonably safe condition and that if there was any defect in the same the defendant had no notice of such defect. It produced evidence tending to show that plaintiff was familiar with its condition and that if she was injured it was the result of her own negligence. In fact, every issue raised by the pleadings was contested. In order, however, to pass upon certain questions raised by appellant, it will be necessary to state certain facts more fully in the progress of this opinion.

One of the points urged by the defendant is that the evidence does not support the allegations of the petition, viz.: the petition alleges that the defect in the walk that caused plaintiff to fall was immediately north of the gate that opens onto the street from the residence of P. A. Lycan. The evidence showed that the walk was

sound for a distance of three feet north of said gate. It is evident that the pleader did not intend to convey the idea that there was no intervening space between said gate and the defect in the walk, but only intended to mean that the defect was close to the gate on the north. It was not necessary that the allegation as to the distance between the two points should be stated mathematically in so many feet or inches, but only to state such distance approximately and sufficiently definite to appraise defendant of the *locus in quo*. A good deal would depend upon the nature of the case as to the degree of certainty with which the pleader should state a fact relied upon for recovery. But in general it is safe to say that if such statement be sufficiently definite to inform the contending party what is relied on, the pleading should be upheld.

The evidence showed that the plaintiff had sometime previously fallen on the steps of her home. Defendant introduced evidence tending to show that plaintiff's injuries were caused by such fall and not the fall upon the sidewalk. The plaintiff in order to rebut this evidence introduced among other witnesses Drs. Brown and Jurgens. Dr. Jurgens testified that he was a graduate of a medical school and had practiced medicine and surgery for about nine years. The court admitted him to testify as a medical expert. On cross-examination, he stated that: "I am thirty-three years old. I am a general practitioner to some extent, however, I give more attention to surgery. I do not claim to be an expert on the subject of nervous diseases." As the evidence proved that plaintiff was suffering from a nervous disease, the defendant moved the court to strike out the doctor's evidence, which the court refused to do. The action of the court in this respect is assigned as error.

We think it must be conceded that the court is the authority to determine whether a witness is an expert and not the witness himself; otherwise, the witness

would be clothed with a judicial function. Notwithstanding the utter absurdity of such a contention, it seems the courts have been called upon to pass upon it, as will be found in Langston v. Railroad, 147 Mo. 457; Thompson v. Ish, 99 Mo. 160. Whether the doctor considered himself an expert on nervous afflictions, although a matter to be taken into consideration by the court in order to determine his competency as such, was not conclusive of the question any more than if he had said he was such. The question was a matter for the court to determine upon all the evidence introduced as to his competency in that respect.

The question was asked the expert witness in substance, if he would attribute plaintiff's injuries to the result of her fall on the stairs or the fall on the sidewalk. He answered he would attribute them to the latter. The defendant objected to this question and answer, but its objection was overruled. In this, the court was in error. The plaintiff seeks to justify the ruling of the court, but without success. The conclusion obtained from the expert upon the question was the matter the jury was to decide; therefore the answer was an invasion of the province of the jury. The question is fully discussed by GANTT, J., in Wood v. Railway, 181 Mo. 433. The authorities on this question are too numerous to mention. But, notwithstanding it was error, defendant has waived it as a matter of review by this court by reason of his failure to call attention to it in his motion for new trial.

What has been said of the expert evidence of Dr. Jurgens applies also to that of Dr. Brown.

The defendant asked certain witnesses if the sidewalk "was in a good condition," or "was a good sidewalk," which the court did not permit them to answer. The plaintiff objected to the introduction of this evidence without assigning any reason therefor. Of this action of the court defendant complains. The assertion

is made by appellant that, "The defendant, nor this court, can now tell the grounds on which the objection was sustained." We do not assume to know the reason for the action of the court, but it is not difficult to assign a good one why the objection should have been sustained, viz., that the witnesses were called upon to determine the very question that it was the duty and the sole province of the jury to decide, which we have shown was not permissible. As the proposed evidence was not admissible for any purpose, it was not necessary to give any reason for the objection as to its competency.

The plaintiff, over the objections of defendant, introduced one of its ordinances relating to the duties of the street commissioner. The objections were, that the ordinance had been repealed and that some of its sections were not relevant to the issue. It did not appear that it had been repealed. The object in introducing the ordinance was to show that it was the duty of defendant's street commissioner to inspect, among other matters, the sidewalks of the city, and to report their condition monthly to the board of aldermen. In order to understand the scope and effect of the ordinance, it was necessary to read it all to the jury. It is true that in some respects the duties imposed did not relate to sidewalks, but for that reason they could not have influenced the minds of the jury against defendant. Defendant makes many objections to the ordinance here that were not made in the court below. Besides, the objection was too indefinite. The defendant should have pointed out to the court such parts of the ordinance it deemed inadmissible. [O'Neill v. Kansas City, 178 Mo. 91.] The defendant has discussed many objections to the admissibility of the ordinance, but, as these objections were not called to the attention of the trial court, we refrain from further notice of them.

Another objection is that the allegations of the petiiton of notice to the defendant of the defects of the side-

walk are not properly pleaded; in fact, do not amount to any allegation of such notice. The petition reads as follows: "Which condition of said sidewalk, and which defects in said sidewalk, were known to the defendant, or by the exercise of ordinary care might have been known to the defendant in time to have repaired the same before the injury hereinafter alleged." The argument is, that a party cannot be charged in the alternative in the same count "or doing an act or another different act." This is a misconception of the charge. The pleader charges notice to defendant of the condition of the sidewalk in two forms; one, actual; and the other, constructive. The authorities cited in support of defendant's position do not in the least support it. This form of pleading notice has been in use among the lawyers of the State for many years and this is the first time, we believe, it has been called in question. But as no objection was made to the petition and exception taken, it is sufficient to support the verdict.

Many other points are raised, which are immaterial, the greater number of which were not called to the attention of the court on the trial. It is not the duty of this court to notice points and arguments made by counsel, which do not properly belong to the case, or which are of such a character, if considered, could throw no light on its merits.

Affirmed. All concur.