BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1913.

---

W. E. CLARK, Appellant, v. DAN KING, ORNETT KINNEY, HARRY EDWARDS AND WILLIAM BARNES, Respondents.

Springfield Court of Appeals, January 19, 1914.

1. **APPELLATE PRACTICE: Abstract of Record: Objections.** No objection being filed by appellant to an additional abstract furnished by respondent as provided in Court Rule 12, respondent's abstract governs.

2. **PLEADING AND PRACTICE: Motion to Strike Out: Equivalent to Demurrer, When.** When a motion to strike out disposes of the whole case on a question of law it fills the office of a demurrer.

3. **———: Judgment on Pleading: When Proper.** Defendants filed answer setting up a good defense; plaintiff filed motion to strike, which was denied, and he refused to plead further. Judgment was properly given for defendants, the allegations of the answer being admitted by plaintiff's failure to reply or plead further.

4. **PLEADING: Defense: Gambling.** In an action on an account stated, an answer pleading that plaintiff's demand arose out of a gaming transaction is sufficient to state a defense as against a general demurrer, though the particulars of the transaction are not given.

178 Mo. App.]                    (381)

5. **GAMBLING: Defense: Sufficiency of.** In an action on an account stated the answer is examined and *held* sufficient to state the defense that plaintiff's claim arose out of a gambling transaction.

6. **PLEADING: Sufficiency of: How Determined.** The pleader must set forth in clear and concise terms each substantive fact, but if the statement is sufficiently definite to inform the opposing party what is relied on, the pleading should be upheld.

7. **GAMBLING: Money Lost at: Defense to Action.** Under the provision of section 6623, R. S. 1909, that any person who shall lose any money or property at any game of chance or gambling device may recover the same by civil action, it is a good defense to an action on an account stated that the demand arose out of a gambling transaction.

8. **PLEADING: Illegal Transaction: Sufficiency.** The illegality of a transaction, when made the basis of an affirmative defense, must be specially pleaded; yet such pleading will not be held fatally defective because it is not specific.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*A. B. Lovan,* for appellant.

The answer in this case is insufficient because it goes no further than to say that the claim is founded on a gambling transaction. When the defendants seek to avoid the payment of the claim by charging that it is based on a gambling transaction, the burden is on them to prove the charge and such proof is not admissible unless the acts claimed by the defense to be gambling are set out in their answer in detail and definitely described; they must fix the time and place and give the names of parties engaged in such game and describe the game. Defendants' answer does not state facts sufficient to constitute a defense. Sybert v. Jones, 19 Mo. 86; Cummiskey v. Williams, 20 Mo. App. 612; Mace v. Vendig, 23 Mo. App. 253; St. Louis Agl. & Mech. Ass'n v. Delano, 37 Mo. App. 288; Gibson & Bro. v. Jenkins, 97 Mo. App. 38; McClure v. Ullman, 102 Mo. App. 705; The St. L. Agr'l & Mech. Ass'n v. Delano, 108 Mo. 217; McDearmott v. Sedgwick, 140 Mo. 182; Bell v. Warehouse Co., 205 Mo. 492.

*Neville & Gorman,* for respondents.

(1) Viewed from any angle, this answer is good against a general demurrer or the motion to strike out. Verdin v. St. Louis, 131 Mo. 36; Ball v. Neosho, 109 Mo. App. 683; Bick v. Halverstadt, 110 Mo. App. 441. (2) The motion to strike out is not of the same dignity as an attack by demurrer. The motion contemplates further proceeding in the cause, even after a favorable ruling, whereas a demurrer contemplates a judgment on the law. Ewing v. Vernon County, 216 Mo. 681. (3) But like a general demurrer, the motion to strike out is not the appropriate remedy where the answer, however imperfect, states any facts constituting a defense. It will not take the place of a motion to make more definite. Garnett v. Publishing Co., 156 Mo. App. 187. (4) The appellant is in no position to complain at the action of the trial court. The stand he took in the trial below was that because of an adverse ruling by the court, he refused to plead further or to proceed with the trial. Nothing was left for the court to do but to dismiss the cause. This procedure is in this respect exactly similar to a nonsuit with leave, the well-recognized rule of which is that the party taking such nonsuit cannot be heard on review unless the adverse action of the trial court was such as to preclude a recovery by him. Layton v. Riney, 33 Mo. 87; Hageman v. Moreland, 33 Mo. 86; Poe v. Dominis, 46 Mo. 113; Manufacturing Co. v. Baker, 137 Mo. App. 670; Bushyager v. Packing Co., 421 Mo. App. 311.

FARRINGTON, J.—Suit on account stated. Judgment for defendants. Plaintiff appealed.

The petition is as follows:

"Plaintiff for his cause of action states that on the 2nd day of February, 1913, an account was stated between plaintiff and defendants, and upon such statement it was found and agreed by and between plaintiff and defendants that there was due from defendants to

plaintiff a balance of $752.50, which said balance defendants then and there promised to pay; but the same has not been paid nor any part thereof. *Wherefore,* plaintiff prays judgment against defendants for the said sum of $752.50 and interest thereon from February 2, 1913.''

Defendants filed the following answer:

''And defendants further answering state that the claim and demand of plaintiff arises out of and is founded on a gambling transaction and that plaintiff in fact claims to have won the money sued for at a game of chance commonly called stud poker and therefore said defendants ask to be discharged with costs.''

The answer originally contained two counts, the first being a general denial. The court, on motion of plaintiff, required defendants to elect on which count they would stand and they elected to stand on the second count, which we have set forth.

Plaintiff then filed the following motion:

''The defendants having elected to stand on the second count of their amended answer, the plaintiff now moves the court to strike out such answer for the reason it does not state facts sufficient to constitute a defense to plaintiff's petition.''

This motion was by the court overruled.

Following this, in appellant's abstract, is the following record entry: ''Whereupon plaintiff declined to plead further and the court on the same day rendered the following judgment,'' setting it forth. In respondents' additional abstract, which is offered as the bill of exceptions in the case, the following entry precedes the judgment: ''Whereupon plaintiff declined to plead further and declined to proceed further with the trial, and the court on the same day rendered the following judgment,'' etc. Since appellant did not file objections to such additional abstract as provided in rule 21, we take it that respondents' abstract in this particular is to govern. The judgment is as follows:

"It is considered, ordered and adjudged by the court that the plaintiff take nothing by his action and, that the defendants have and recover of and from the plaintiff herein their costs herein and execution issue therefor."

It is insisted by respondents that the motion to strike out could not take the place of a demurrer, but we must rule against them on the authority of Shohoney v. Railroad, 231 Mo. 131, 150, 132 S. W. 1059, where the motion to strike disposed of the whole case on a question of law and therefore filled the office of a demurrer. It will be noted that the motion to strike in the case at bar covered the entire second count on which defendants relied. The reason averred in the motion for striking out the second count was that the answer did not state facts sufficient to constitute a defense to plaintiff's petition. We will therefore treat the motion to strike as a general demurrer.

If the action of the court in overruling the motion to strike was correct, the judgment should have gone for the defendants, because, conceding for the argument that the answer stated a good defense, if plaintiff failed to file a reply denying the new matter set up in such answer or to plead further, he thereby admitted the material facts contained in the answer (Verdin v. City of St. Louis, 131 Mo. 19, 74, 33 S. W. 480; 36 S. W. 52), and if such facts stated a defense under section 1810, Revised Statutes 1909, defendants were entitled to the judgment. As was said in the case of Plefka v. The Knapp-Stout Co., 166 Mo. 7, 12, 65 S. W. 1001, "The court, under these circumstances, was bound to give judgment for the defendant."

This brings us to the question as to the sufficiency of the answer, and as to this we hold that the answer filed, although indefinite, vague and uncertain, does state facts which if true would constitute a complete defense to plaintiff's action. By standing on the mo-

178 Mo. App. 25

tion to strike, which we are treating as a general demurrer, and failing to file a reply, plaintiff admitted that the demand sued on arose out of and was founded upon a gambling transaction, and that the money sued for was won at a game commonly called stud poker, which, the answer informed the court, was a game of chance. It is true, the plaintiff could not from this answer know when or where or with whom the alleged game as played, and might have been unable to secure evidence showing the allegation in the answer was untrue, but the answer did state enough to inform the plaintiff of the defense intended to be made and a motion on plaintiff's part to require the defendants to make the answer more definite and certain would undoubtedly have been sustained. It is said in Bacon's Missouri Practice, Vol. 1, Sec. 186: ''A demurrer on the ground that a petition does not state facts sufficient to constitute a cause of action is confined to that objection, and does not reach any defect, imperfection or uncertainty in the pleading if a cause of action is stated.'' [See, also, Eads v. Gains, 58 Mo. App. 586, 594.] Enough is contained in the answer from which it could reasonably be deduced that defendants were relying upon the defense of a gambling transaction. Such being the case, the motion to strike was properly overruled. [See, State ex rel. Williams v. Carroll, 63 Mo. 156, 158.] The case of Marie v. Garrison, 83 N. Y. 14, 23, has been approved in this State, and in the opinion in that case is the following language: ''A demurrer to a complaint for insufficiency can only be sustained when it appears that, admitting all the facts alleged, it presents no cause of action whatever. It is not sufficient that the facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, or that the material facts are only argumentatively averred. The complaint on demurrer is deemed to allege what can be implied from the allegations therein, by reasonable and fair intendment, and

facts impliedly averred are traversable in the same manner as though directly averred." In Pomeroy's Code Remedies (4th ed.), Sec. 443, the rule is stated as follows (citing Missouri cases): "The true doctrine to be gathered from all the cases is, that if the substantial facts which constitute a cause of action are stated in a complaint or petition, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete, and defective, such insufficiency pertaining, however, to the form rather than to the substance, the proper mode of correction is not by demurrer, nor by excluding evidence at the trial, but by a motion before the trial to make the averments more definite and certain by amendment."

The substantive fact intended to be relied upon in the answer was that it was a gambling transaction, the money having been won at a game of chance commonly called stud poker. With whom, at what time, and at what place, the game of chance was played, are mere matters of detail as to which plaintiff was entitled to definite information provided he had taken the proper steps to obtain the information. The pleader must set forth in clear and precise terms each substantive fact. [Northrup v. Insurance Co., 47 Mo. 435, 444.] As was said in the case of Spaulding v. City of Edina, 122 Mo. App. 65, 68, 97 S. W. 545: "But in general it is safe to say that if such statement be sufficiently definite to inform the contending party what is relied on, the pleading should be upheld."

It cannot be denied that if the consideration sued for in this action was founded on a game of chance the defendants would have a complete defense. The answer does not set up a defective defense, but rather a good defense defectively stated. [See, Ball v. City of Neosho, 109 Mo. App. 683, 688, 83 S. W. 777.]

In the case of Sybert v. Jones, 19 Mo. 86, relied on by appellant, the action was founded upon the tenth

section of the act concerning gaming in the Revised Statutes of 1845, which, as shown by the opinion, declared that bets and wagers on any election authorized by the Constitution or laws of the State are gaming within the meaning of said act. It will be noted that under that act all bets or wagers on elections were not such as could be recovered; it was only those bets or wagers on elections which were authorized by the Constitution and laws of the State that were made gaming transactions. The answer, therefore, in that case did not plead enough to show that the note was founded on a gaming transaction such as was recoverable under the statute or at common law. [See, Summers v. Keller, 152 Mo. App. l. c. 641, 133 S. W. 1180.]

However, our statute (Sec. 6623, R. S. 1909) now provides: "Any person who shall lose any money or property at any game of chance or gambling device may recover the same by civil action."

The answer in the case at bar states that the money sued for was won in a game of chance. A "game of chance" falls within the statute above quoted. And if money that has been lost in a game of chance may be recovered, it must certainly be a good *defense* to defeat the payment of money when won in a game of chance as it would be an idle thing to require one to pay a bet in order that he might bring his action under the law to recover what he had just paid.

All the other cases cited by appellant merely lay down the rule that an affirmative defense must be specially pleaded, and that such affirmative defense or avoidance cannot be proven under a general denial. This, however, in no way helps appellant in his contention here.

The answer undoubtedly advised the plaintiff that the defendants relied upon the defense of a gaming transaction—that the money sued for was won in a game of chance. This was the gist of the defense and was specially though not specifically raised in the an-

swer. The rule is that illegality, when the basis of an affirmative defense, must be specially pleaded. [Mitchell v. Branham, 119 Mo. App. 643, 95 S. W. 939; England v. Denham, 93 Mo. App. 19.] That it must be specially pleaded does not mean that it will be fatally defective because it is not specific.

Holding, as we do, that the answer was not subject to general demurrer, the plaintiff, having refused to plead further or to proceed with the trial, must be held to have admitted the allegation of illegality contained in the answer. Without more, the trial court was bound to enter judgment for the defendants. The judgment is accordingly affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.