EVA L. CONWAY, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 22, 1912.

1. **NEGLIGENCE:** Street Railway: Premature Start of Car. Plaintiff sued for damages for injuries received when thrown from an electric street car which she was entering and which started prematurely while she was in an insecure position. *Held*, that she became a passenger the instant she started to board the car, and the starting of the car before she had a reasonable opportunity to reach a place of comparative safety, constituted negligence.

2. ————: Hypothetical Questions: Witnesses, Expert. On cross-examination of an expert witness, it is permissible for the purpose of testing his skill and accuracy, to ask hypothetical questions pertinent to the inquiry whether the facts assumed in such questions have been testified to by witnesses or not.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

REVERSED AND REMANDED.

*John H. Lucas* and *James E. Nugent* for appellant.

(1) The court erred in not sustaining demurrer asked by the defendant at the close of the plaintiff's case. Quinn v. Railroad, 218 Mo. 545. (2) The court erred in excluding testimony offered by the defendant. Ayers v. Railroad, 190 Mo. l. c. 235; Anderson v. Rail-

road, 161 Mo. 411. (3) The court erred in not sustaining the motion for a new trial. Howland v. Reeves, 25 Mo. App. 458.

*M. J. Oldham* and *L. S. Kenworthy* for respondent.

(1) The court did not err in refusing to sustain demurrer asked by defendant at the close of plaintiff's case. Dougherty v. Railroad, 9 Mo. App. 478; Meriwether v. Railroad, 45 Mo. App. 528; Dougherty v. Railroad, 81 Mo. 325; Worthington v. Railroad, 72 Mo. App. l. c. 167; Benjamin v. Railroad, 50 Mo. App. 602; Russ v. Railroad, 112 Mo. 45; Miller v. Railroad, 125 App. 417; Lehner v. Railroad, 110 Mo. App. 220; Shanahan v. Transit Co., 109 Mo. App. 231; Kohr v. Railroad, 117 Mo. App. 302; Thompson v. Railroad, 111 Mo. App. 473. (2) The court did not err in excluding testimony offered by defendant. Russ v. Railroad, 112 Mo. 45; Benjamin v. Railroad, 50 App. 602; O'Neal v. Kansas City, 178 Mo. 91. The court did not err in refusing to sustain the motion for new trial filed by defendant. Haynes' New Trial, section 87; Oldham v. Henderson, 4 Mo. 295; State v. Floyd, 15 Mo. 349; Cook v. Railroad, 56 Mo. 380; Beauchamp v. Sconce, 12 Mo. 57; Dollman v. Munson, 90 Mo. 85; Blake v. Ins. Co., 133 App. 16; Ford v. Storage, M. & P. Co., 138 Mo. App. 512.

JOHNSON, J.—Plaintiff sued to recover damages for personal injuries she alleges were caused by negligence of defendant. The jury returned a verdict in her favor and, after its motions for a new trial and in arrest of judgment were overruled, defendant appealed.

The injury occurred in the evening of August 5, 1909, at the intersection of Oak and Twelfth streets in Kansas City. An eastbound electric car on defend-

ant's Twelfth street line stopped at this intersection to discharge and receive passengers and plaintiff was one of four or five persons who boarded the car for the purpose of becoming passengers thereon. Plaintiff was the last of these passengers with the exception of one, a negro, who boarded the car as it started forward. The car was of the pay-as-you-enter type and the rear vestibule was partitioned by a perpendicular iron rod. The division next the car was used as the exit and the other division as the entrance. The conductor stood in the first mentioned compartment and collected fares from entering passengers. The car and vestibule were crowded and as plaintiff started to step up to the vestibule, the conductor invited her to come into the exit which was less crowded than the other part of the platform. As she was in the act of stepping from the top step to the platform and was aiding herself by the handholds at either side, the car suddenly started forward and she was thrown to the pavement and injured. The allegations of negligence appear in the following extract from the petition:

"That it was the duty of the defendant, its servants, agents and employees, to hold said car at a standstill until the plaintiff, in the exercise of ordinary care and diligence, had a reasonable opportunity to board said car in safety; that the defendant, its servants, agents and employees, engaged in operating said car at said time and place, and acting in the scope of their employment, carelessly, negligently and unskillfully, set said car in motion at said time and place while plaintiff was in the act of boarding said car aforesaid and throwing said plaintiff violently to the street and pavement thereof and injuring her as hereinafter set out.

"That the servants, agents and employees of defendant in charge of said car aforesaid, saw or by the exercise of ordinary care and diligence could have seen

plaintiff in a position of danger and peril attempting to board said car at said time and place in time to have refrained from the starting of said car until the plaintiff had boarded same and thus prevented injuring plaintiff. That the servants, agents and employees of defendant in charge of and operating said car at said time and place, negligently, carelessly and unskillfully, failed and neglected to give any signal or warning to plaintiff of their intention to start or set said car in motion. That by reason of the foregoing carelessness, negligence and unskillfulness of the defendant, its servants, agents and employees aforesaid, and as a direct result thereof, plaintiff was thrown and hurled from said car to the street and pavement thereof and plaintiff received the following permanent injuries, to-wit:''

The answer is a general denial. The evidence of defendant tends to show that plaintiff's fall was caused by her attempt to board the car after it had started, but for the purposes of the demurrer to the evidence which defendant argues should have been given, we shall consider the case from the viewpoint of plaintiff's evidence which we find to be substantial.

The gist of the negligence alleged is not in starting the car with unusual violence and thereby injuring a passenger who had reached a place of safety, but in starting the car before the incoming passenger, exercising ordinary care and expedition, had reached a place of safety and thereby putting the passenger in a position of danger. In its essential features the case pleaded and proved by plaintiff bears little resemblance to that of Quinn v. Railway, 218 Mo. 545, relied on by defendant, but is more analogous to that of Miller v. Railway Company, 125 Mo. App. 414, decided by this court. In the Quinn case the passenger voluntarily assumed a less secure position after he had reached one of safety and was injured by a sudden and violent lurch of the car. Here there was no un-

usual movement but the passenger was thrown by an ordinary forward motion while she was ascending the steps and had not yet obtained a secure footing on the platform. Plaintiff became a passenger the instant she started to board the car and it became the duty of the operators of the car not to start it until she had been given a reasonable opportunity to reach a place of comparative safety which, in this instance, owing to the crowded condition of the car, meant a place in the rear vestibule where she could stand and support herself by using the handholds. The jury were entitled to draw the inference that plaintiff was injured by a premature start of the car while she was in an insecure position and that the negligence in thus starting was the proximate cause of her injury. The demurrer to the evidence was properly overruled.

As a result of the bodily injuries the evidence of plaintiff shows she sustained in consequence of defendant's negligence are certain specified nervous disorders. A physician who treated her was introduced as a witness by her and on direct examination testified both to facts relating to her injuries within his knowledge and to matters of expert opinion. On cross-examination counsel for defendant propounded hypothetical questions to the witness, of which the following may be taken as an example:

"Doctor, assuming it to be true that prior to this accident the plaintiff had had fainting spells, and that she had had an attack, or had been suffering sometime before the accident, from gall stones and that her complexion was very yellow, can you tell as a physician whether or not that might, that condition, assuming it to be true, might in any way affect her nervous system?"

Counsel for plaintiff objected to this and similar questions and their objections were sustained. In support of the ruling, we are cited by plaintiff to the cases of Russ v. Wabash Railroad Co., 112 Mo. 451; Benja-

min v. Railway, 50 Mo. App. 602, and O'Neal v. Kansas City, 178 Mo. 91. These cases present instances of hypothetical questions asked on direct examination and support the rule contended for in the brief of plaintiff that ''it is error in a hypothetical question to an expert witness to assume facts not within the evidence.'' Some of the facts included in the hypothesis of the questions under consideration were not then supported by evidence and afterward were brought out in evidence introduced by defendant. Counsel for defendant stated to the court at the time of the objections that he intended to adduce evidence in full support of the hypothesis but, as stated, the court sustained the objection. We think the cross-examination was proper and that the court committed prejudicial error in sustaining the objections.

The rule in this state is that a witness is on the stand for all purposes and may be cross-examined about matters not referred to in the examination in chief. [Ayers v. Railroad, 190 Mo. 228.] The rule makes no distinction between expert and non-expert evidence. As is well said in Rogers on Expert Testimony, p. 79:

''On the cross-examination of any witness, whether an ordinary or an expert witness, counsel are entitled to ask any questions which tend to test the accuracy, veracity or credibility of the witness, or which tend to shake the credit of the witness by injuring his character, although the facts concerning which he is questioned may be, as to the main issue, irrelevant and collateral. Consequently, on the cross-examination of a witness testifying as an expert, counsel may be permitted, for the purpose of testing the skill and accuracy of the witness, to ask him hypothetical questions pertinent to the inquiry whether the facts assumed in such questions have been testified to by witnesses or not.''

Professor Lawson in his work on Expert Evidence (2 Ed.), p. 274, thus states the rule:

"On cross-examination it is permissible, for the purpose of testing his skill and accuracy, to ask the witness hypothetical questions pertinent to the inquiry, assuming facts having no foundation in the evidence."

Defendant was entitled on cross-examination to test in every reasonable way, not only the credibility of the witness, but also the soundness and reasonableness of his opinions elicited in the direct examination to the effect that the ailments from which plaintiff was suffering were directly referable to the injuries caused by defendant's negligence. The questions were directed to an issue offered by plaintiff and, therefore, were clearly within the bounds of legitimate cross-examination. For this error the judgment is reversed and the cause remanded. All concur.