**Alva STAFFORD, Appellant,**

v.

**Elizabeth LYON, Administratrix of the Estate of Fred L. Lyon, Deceased, and Kioomars Dayani, Respondents.**

**No. 51901.**

Supreme Court of Missouri,
Division No. 2.

April 10, 1967.

Neale, Newman, Bradshaw, Freeman & Neale, Jean Paul Bradshaw, Waren S. Stafford, Springfield, for appellant.

Farrington & Curtis, E. C. Curtis, Springfield, for respondents.

RUSSELL H. DOERNER, Special Commissioner.

Plaintiff sought damages of $100,000 from defendants Lyon and Dayani for personal injuries alleged to have been sustained in a four-car, chain-type collision. Lyon cross-claimed against Dayani for damages to his car in the sum of $500, and upon his death, prior to trial, Elizabeth Lyon, the Administratrix of his estate, was substituted both as defendant and as cross-claimant. At the beginning of the trial the plaintiff dismissed as to Dayani, who did not appear in person or by counsel. Trial to a jury resulted in a verdict and judgment in favor of defendant Lyon on plaintiff's claim, and in favor of Lyon and against defednant Dayani for $210 on her cross-claim, from which plaintiff alone has appealed. We have jurisdiction because of the amount in dispute.

The nature of the points raised obviates an extensive statement of the facts. The collision occurred on December 26, 1959, at an intersection at the 900 block on South Glenstone Avenue in Springfield, Missouri. All of the four cars involved were being operated in a northwardly direction, in the following order: Plaintiff, in a 1959 Volkswagen panel automobile; Lyon, in a 1952 Dodge; Dayani, in a 1954 Chevrolet; and one Everett Justis, in a 1959 Buick. It is undisputed that plaintiff, traveling in the center or inside lane preparatory to making a left turn, brought his car to a stop about a half a car length to the rear of a waiting automobile. It is also undisputed that the front of Lyon's Dodge came in contact with the rear of plaintiff's vehicle, that the front of Dayani's Chevrolet struck the rear of Lyon's Dodge, and that the front of Justis' Buick hit the rear end of Dayani's car. The main issue in the case was the sequence in which such contacts occurred. It was plaintiff's contention and his case was submitted on the theory that Lyon's Dodge struck plaintiff's automobile, and then in turn was hit by Dayani's Chevrolet. Lyon's position and defense was that his vehicle had come to a stop to the rear of plaintiff's, and was knocked against plaintiff's automobile by the force of Dayani's car striking it. It is undisputed that the last impact occurred when Justis' car struck Dayani's.

On direct examination both Nolan Cross and Everett Justis, who appeared as witnesses on behalf of defendant Lyon, testified that Lyon's car had come to a stop and was struck from the rear by Dayani's Chevrolet, which knocked Lyon's Dodge against the rear of plaintiff's automobile. On cross-examination both witnesses were impeached by plaintiff by the use of written, signed statements made in July, 1960, introduced by defendant, in which they stated, in substance, that they could not say with certainty that Dayani's Chevrolet hit Lyon's Dodge before Lyon's car struck plaintiff's; and Justis stated that his inconsistent statement was true. On redirect examination, over plaintiff's objections, the court permitted Lyon's counsel to introduce and read to the jury written, signed statements made by Cross and Justis in January, 1960, which were consistent with their testimony on direct examination as to the sequence of the impacts.

Plaintiff urges that the court erred in admitting the prior consistent statements in their entirety because that of Cross contained his conclusion that the accident was not the fault of Lyon; and because that of Justis included a statement that the police had given Dayani a ticket, which was not pertinent to the matter on which Justis had been impeached, and was prejudicial. Had plaintiff voiced specific objections to the admission of such portions of the statements the error, if any, in the overruling of his objections would not have been preserved for appellate review, for his contention was not presented to the trial court in his motion for a new trial. Civil Rule 83.13(a), V.A.M.R.; Dudeck v. Ellis, Mo., 399 S.W.2d 80. But the fact is that no specific objections to the admission of such portions were made, and the only objections voiced by plaintiff were general

objections to the admission of the entire statements. An objection to the admission of evidence must be timely and specific, and contain the proper ground for exclusion, else the trial court will not be convicted of error in overruling it. Appelhans v. Goldman, Mo., 349 S.W.2d 204.

Plaintiff next asserts that such consistent statements were inadmissible because both Cross and Justis had admitted making the inconsistent statements offered in evidence by plaintiff. He contends that it is the rule in this state that if a witness admits having made the contradictory statement he has impeached himself and his prior consistent statement may not then be introduced for the purpose of rehabilitation, citing Williams v. St. Louis Public Service Co., Mo.App., 245 S.W.2d 659. As this court pointed out in McElhattan v. St. Louis Public Service Co., Mo., 309 S.W.2d 591, 595, the ruling of the St. Louis Court of Appeals in the Williams case, " * * * was based on dictum in the opinion by Cooley, J., in Stewart v. People, 23 Mich. 63, at pages 74–75. * * *" The Williams case was transferred here, but we held that the objection made at the trial had not raised the issue of the admissibility of the prior consistent statement attemped to be presented on appeal, and stated that, " * * * We express no opinion on the issue sought to be presented * * *" 363 Mo. 625, 636, 253 S.W.2d 97, 104. But as plaintiff appears to recognize in his brief, the Williams case was distinguished and the applicability of the rule therein announced narrowly restricted in Huston v. Hanson, Mo., 353 S.W.2d 577. There it was pointed out that the witness in the Williams case had admitted making the inconsistent statement deliberately and falsely, for her own purpose, and that no other statement could change that fact or remove such self-impeachment. So restricted, the opinion of the appellate court does not support plaintiff's position in the instant case.

■ Our rule as to rehabilitation, as was noted in Huston v. Hanson, supra, has long been more liberal than that of many states. That rule, discussed at length in McElhattan v. St. Louis Public Service Co., Mo., 309 S.W.2d 591, is that when a witness has been impeached by *proof* of his statements inconsistent with his trial testimony, prior consistent statements are admissible into evidence for the purpose of rehabilitation. Thus if a witness on cross-examination admits he made the inconsistent statement, as is true in the present case, proof of the making thereof is, of course, supplied by the witness' own testimony and his prior consistent statement is admissible in rehabilitation. Piehler v. Kansas City Public Service Co., 360 Mo. 12, 226 S.W.2d 681; State v. Emma, 324 Mo. 1216, 26 S.W.2d 781. It follows that the trial court ruled correctly on plaintiff's objections to the admissibility of the prior consistent statements of Lyon's witnesses. Huston v. Hanson, supra; Paige v. Missouri Pac. R. R. Co., Mo., 323 S.W.2d 753; McElhattan v. St. Louis Public Service Co., supra.

■ Plaintiff's final assignment is that in the cross-examination of Dr. McAlhany, a neurological surgeon who removed a ruptured disc from between plaintiff's fifth and sixth vertebrae, defendant Lyon should not have been permitted to propound a hypothetical question in which facts were assumed that were not in evidence. Plaintiff urges that it is improper to hypothesize facts to an expert witness which are unsupported by evidence in the case. That may be true when a hypothetical question is propounded by plaintiff to his expert witness for the purpose of eliciting an opinion necessary to establish the causal connection between an event and a claimed result, as in Sneed v. Goldsmith, Mo.App., 343 S.W.2d 345 and Bunch v. Wagner, Mo.App., 275 S.W.2d 753, cited by plaintiff. It may likewise be true when the hypothetical question propounded on cross-examination assumes a fact directly contrary to the fact in evidence, as in Stipp v. Tsutomi Karasawa, Mo., 318 S.W.2d 172, also cited by plaintiff. But the law is well-settled that the extent and scope of cross-examina-

tion in a civil action is discretionary with the trial court and its rulings in regard thereto will not be disturbed unless an abuse of discretion is clearly shown. Eickmann v. St. Louis Public Service Co., Mo., 323 S.W.2d 802; Fisher v. Gunn, Mo., 270 S.W.2d 869; Lonnecker v. Borris, Mo., 245 S.W.2d 53. This is particularly true in the cross-examination of an expert witness, in which case a wide latitude is allowed to test his qualifications, credibility, skill or knowledge and the value and accuracy of his opinion. Parker v. Ford Motor Co., Mo., 296 S.W.2d 35; Faught v. Washam, 365 Mo. 1021, 291 S.W.2d 78. And for such purposes an expert witness may be cross-examined, and his opinion obtained, based upon other states of facts, assumed by the party examining him to have been proven upon a hypothetical case, and he may be cross-examined on purely imaginary and abstract questions. State ex rel. State Highway Commission v. Deutschman, 346 Mo. 755, 142 S.W.2d 1025; Kansas City v. Marsh Oil Co., 140 Mo. 458, 41 S.W. 943; Crews v. Bogy, Mo.App., 285 S.W. 549; Sparks v. Harvey, Mo.App., 214 S.W. 249; Conway v. Metropolitan Street Ry. Co., 161 Mo.App. 81, 142 S.W. 1101; 3 Jones, Commentaries on Evidence, 2nd Ed., § 1342, p. 2453; Lawson's Expert and Opinion Evidence, 2nd Ed., p. 274; 2 Wigmore on Evidence, 3rd Ed., § 684, p. 811; 58 Am.Jur., Witnesses, § 855, p. 484; 32 C.J.S. Evidence § 560(1) (b), p. 559. As the court indicated by its comment, it is apparent from the preceding questions as well as the one objected to that in this phase of the cross-examination the defendant was testing the knowledge of plaintiff's medical witness regarding the cause and manner of occurrence of ruptured discs, and the value and accuracy of his opinion regarding the plaintiff's injury. As established by the foregoing authorities, the question propounded was within the wide latitude allowed on cross-examination for such purposes, and the court by its ruling did not abuse its discretion. Eickmann v.

St. Louis Public Service Co., supra; Sparks v. Harvey, supra.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by RUSSELL H. DOERNER, Special Commissioner, is adopted as the opinion by the Court.

All of the Judges concur.