STATE of Missouri, Plaintiff-Respondent,

v.

Harley Jasper LAWS, Defendant-Appellant.

No. 37095.

Missouri Court of Appeals, St. Louis District, Division One.

Jan. 4, 1977.

Motion for Rehearing or Transfer Denied Feb. 16, 1977.

Lester R. Duggan, Jr., St. Charles, for defendant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Jess L. Mueller, Pros. Atty., Troy, for plaintiff-respondent.

DOWD, Judge.

Appellant was convicted by a jury of driving a motor vehicle while in an intoxicated condition and fined $500.00. This appeal followed. We affirm.

From the evidence the jury reasonably could have found that on December 24, 1973, about 4:30 p. m., as Trooper Larry Joseph Goetz of the State Highway Patrol was traveling north on Highway 79, he observed a pickup truck being driven southbound by appellant on the wrong side of the road. Trooper Goetz was forced to drive his patrol car off the highway onto the shoulder to avoid the truck. He turned and pursued the truck, keeping it under constant surveillance for approximately one quarter mile until he stopped the vehicle. Before he was stopped appellant swerved over the center line several times and onto the shoulder of the road. Appellant was initially placed under arrest by Trooper Goetz for driving on the wrong side of the road, but after he observed that appellant's speech was slurred, his face flushed, his eyes bloodshot and that he smelled of an alcoholic beverage, appellant was placed under arrest for driving while intoxicated.

Appellant was taken to the sheriff's office in nearby Troy, Missouri, where he consented to take a Breathalyzer test. Trooper Goetz administered the test in accordance with the rules and regulations of the Division of Health and obtained a reading of .19 blood alcohol. At trial Trooper Goetz expressed his opinion that appellant was at that time intoxicated.

■ Appellant raises three points of error. His first contention is that the trial court erred in instructing the jury that it could infer that appellant was intoxicated "[i]f you find and believe from the evidence that there was ten hundredths or more of one percent by weight of alcohol in the blood of defendant . . . " because there was no evidence before the jury specifically stating the results of the Breathalyzer test in terms of percent by weight of alcohol in the blood. The failure of the state to present testimony explaining the Breathalyzer results to the jury in this manner does not render the instruction erroneous.

The question whether the Breathalyzer test given a defendant measures the percentage of alcohol in the blood *by weight* pertains to the question whether a proper foundation underlies the introduction into evidence of the results of the Breathalyzer test. To be admissible, the Breathalyzer test must be given according to methods approved by the State Division of Health, § 564.441, subd. 2 RSMo 1969, and must comply with the statutory standards set forth in Section 564.442 RSMo 1969. *State v. Corsiglia*, 435 S.W.2d 430 (Mo.App.1968). Both Section 564.442 and the "Rules and Regulations Promulgated for the Determination of the Alcoholic Content of Blood from a Sample of Expired (Alveolar) Air"[1] require that the Breathalyzer test measure the alcoholic content of the blood as a percent *by weight* of alcohol based upon grams of alcohol per one hundred milliliters of blood.

■ Thus, whether the Breathalyzer test given appellant measured his blood alcohol percentage by weight is a preliminary fact question, necessary as a foundation for the introduction of the results of appellant's Breathalyzer test. *State v. Sinclair*, 474

---

1. The rules and regulations of the State Division of Health were introduced as evidence at trial.

S.W.2d 865, 868[2] (Mo.App.1971). It is a function of the trial court, not the trier of fact, to determine whether evidence is admissible or to determine all matters of fact upon which the admissibility of evidence depends. *Nielsen v. Dierking,* 418 S.W.2d 146, 150[2, 3] (Mo.1967); *State ex rel. State Highway Commission v. City of Sullivan,* 520 S.W.2d 186, 190[4] (Mo.App.1975). The trial court's ruling on such matters will not be disturbed on appeal absent an apparent abuse of discretion. *Nielson v. Dierking, supra* at 151[6]; *State ex rel. State Highway Commission v. City of Sullivan, supra* at 190[5]. We have found no such abuse of discretion by the trial judge in admitting evidence of the appellant's Breathalyzer test. The court had before it evidence that appellant had been tested with a Breathalyzer, Series 900 device and that this device is one of the breath analyzer devices approved by the State Division of Health.

Since the results of appellant's Breathalyzer test were properly admitted into evidence, the instruction based upon the results of the test cannot be said to impermissibly hypothesize facts not in evidence.

■ Appellant also challenges the sufficiency of the evidence on the element of intoxication. The Breathalyzer results showed .19 blood alcohol. The arresting officer testified that appellant's speech was slurred, his face flushed, his eyes bloodshot and that he smelled of an alcoholic beverage. In addition, appellant was observed swerving over the center line and onto the shoulder of the road several times.

These facts are sufficient to support a jury verdict. Under § 564.440 RSMo 1969 "any intoxication that in any manner impairs the ability of a person to operate [a motor vehicle] is sufficient." *State v. Chester,* 445 S.W.2d 393, 397[5] (Mo.App.1969).

■ Appellant's final contention concerns the verdict forms submitted to the jury. We need not pass on this allegation as appellant failed to include the challenged verdict forms in the transcript. This issue, therefore, is not before the court. *Davis v.*

*Long,* 521 S.W.2d 7, 8–9[2–4] (Mo.App. 1975).

WEIER, P. J., and CLEMENS, J., concur.