**Norman Eddie WILLIAMS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 51391.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 30, 1986.

Norman Eddie Williams, St. Louis, for appellant.

William Webster, Atty. Gen., Jefferson City, Jeffrey R. Dahl, Sp. Asst. Atty. Gen., Clayton, for respondent.

CRIST, Judge.

Director appeals from a judgment of the trial court overturning the suspension of Williams' driver license on the purported ground Director had not proved the result of the breath analysis test was "measured as a percentage of weight." We reverse and remand.

Williams was stopped on August 9, 1985 at approximately 12:55 a.m. after a police officer observed him driving down the center of the road. After noting Williams had a strong odor of intoxicating beverage on his breath, the arresting officer had Williams perform three field sobriety tests. After Williams failed these tests, he was arrested and given a breath analysis test. The test showed .19 of one percent of alcohol in Williams' blood. Missouri law provides for the suspension or revocation of a license where the alcohol concentration shows .13 of one percent or more by weight. § 302.505(1), RSMo (Cum.Supp.1984). Williams' license was suspended and the

suspension was upheld after an administrative hearing. Williams then requested and received a trial de novo.

To uphold the suspension, the trial court had to find (1) the suspect was arrested upon probable cause, and (2) the results of the chemical analysis showed a blood alcohol concentration of .13 of one percent or more. *Collins v. Director of Revenue,* 691 S.W.2d 246, 252 [11] (Mo.banc 1985). The trial judge said he was satisfied probable cause existed and the printout did indeed show .19 of one percent. He refused to uphold the suspension saying there was no evidence to show the printout result was a percentage *by weight* as required by § 302.505(1), RSMo (Cum.Supp.1984).

The issue was discussed in *State v. Laws,* 547 S.W.2d 162 (Mo.App.1977). That case involved a driving while intoxicated prosecution and not a license revocation proceeding, but the reasoning is the same. In order to show the blood alcohol concentration, the chemical analysis test had to have been performed (1) according to the techniques and methods approved by the Division of Health, (2) by persons possessing a valid permit, and (3) by using equipment and devices approved by the division.

*Jannett v. King,* 687 S.W.2d 252, 254 [2] (Mo.App.1985). Judicial notice was taken of the Division of Health's rules and regulations. 13 CSR 50–140.010 through .060. Division of Health guidelines provide the results of approved breath analysis tests are measured *by weight.* These regulations require that the breathalyzer test measure the alcoholic content of the blood as a percent by weight of alcohol based upon grams of alcohol per one hundred milliliters of blood. *Laws,* 547 S.W.2d at 163 [1].

The trial court could not have admitted the test results unless it found the Division of Health guidelines were followed. Since these guidelines were followed, Director proved the breath analysis test was measured as a percentage *by weight.*

Reversed and remanded for a new trial.

SATZ, P.J., and KELLY, J., concur.